UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARY KNOWLES, | Case No. 01-1776 |
| Plaintiff, | |
| vs. | CIV - HUCK |
| BAPTIST HEALTH SYSTEMS OF SOUTH FLORIDA INC., a Florida Corporation and ROBERT DINSMORE, an individual | MAGISTRATE JUDGE BROWN |
| Defendants. | |

## COMPLAINT

Plaintiff, MARY KNOWLES (hereinafter referred to as Plaintiff KNOWLES), sues Defendants BAPTIST HEALTH SYSTEMS OF SOUTH FLORIDA (hereinafter referred to as "Defendant BAPTIST") and Robert Dinsmore (hereinafter referred to as "Defendant DINSMORE") and alleges as follows:

### INTRODUCTION

This is an action brought pursuant to the Family and Medical Leave Act (FMLA), 28 U.S.C. § 2601, *et. seq.* Plaintiff, Mary Knowles, was employed by Defendant Baptist as a systems security technician and requested to take leave under the FMLA on January 11, 2000. Plaintiff's supervisor, Defendant Robert Dinsmore, refused her request. Shortly thereafter, Plaintiff was terminated effective January 25, 2000 for reasons that were purely contrived as a pretext to cover up the true reason for her termination – Plaintiff's attempt to exercise her rights under the FMLA.

## VENUE/JURISDICTION

1. This is an action which arises under Family and Medical Leave Act (FMLA), 28 U.S.C. § 2601, *et. seq.*

2. Jurisdiction is founded on 28 § U.S.C. 1331.

## PARTIES

3. Plaintiff KNOWLES was and is a resident of Miami-Dade County, Florida at all times relevant to this Complaint.

4. Plaintiff KNOWLES was an "eligible employee", within the meaning of the FMLA, 28 U.S.C. 2611 (2), at all times relevant to this Complaint.

5. Defendant BAPTIST is a Florida non-profit corporation that transacts business in Miami-Dade County.

6. Defendant BAPTIST was an "employer", within the meaning of the FMLA, 28 U.S.C. 2611 (4), at all times relevant to this Complaint.

7. Defendant DINSMORE is an individual who resides in Miami-Dade County, Florida.

8. Defendant DINSMORE was acting in the interest of Defendant BAPTIST and was an "employer", within the meaning of the FMLA, 28 U.S.C. 2611 (4), at all times relevant to this Complaint.

## ALLEGED FACTS

9. Plaintiff KNOWLES began working with Defendant BAPTIST on or about February 26, 1997 as a systems security technician.

10. As systems security technician, Plaintiff came under the supervision of one

of Defendant BAPTISTS'S managers, Defendant DINSMORE.

11. Plaintiff KNOWLES took intermittent leave (not under the FMLA) at various times during 1999 in order to care for her infant son, who has been diagnosed with Apnea/GE Reflux, which is a serious health condition that requires continuing treatment by a health care provider as well as periodic inpatient hospital care.

12. Although Plaintiff KNOWLES took the leave, as mentioned in the foregoing throughout various times in 1999, Plaintiff KNOWLES never exhausted all of her sick and/or annual leave allotted to Plaintiff KNOWLES by Defendant BAPTIST.

13. On January 11, 2000, Plaintiff KNOWLES requested that she be allowed to take intermittent leave under the FMLA. Plaintiff KNOWLES made this request to Defendant BAPTIST'S Human Resources Department as well as to Defendant DINSMORE.

14. On or about January 11, 2000 Plaintiff KNOWLES completed paperwork in connection with her request for leave under the FMLA. More specifically, Plaintiff KNOWLES completed a "Request for Leave of Absence – Form."

15. In addition, one of the physicians who were responsible for the medical care of Plaintiff KNOWLES' infant son, Dr. Alan Schwartz, Pediatrician, also completed paperwork in connection with Plaintiff KNOWLES' request for leave under the FMLA.

16. Dr. Schwartz also wrote at least one letter to in which he explained the medical condition of Plaintiff KNOWLES' infant son.

17. The aforementioned paperwork, as discussed in paragraphs 14 through 16 was submitted to Defendant BAPTIST on January 11, 2000.

18. On January 12, 2000, Defendant DINSMORE emphatically told Plaintiff

KNOWLES that her request for FMLA leave was disapproved and that he will not sign the requisite forms needed to approve her request for FMLA leave.

19. On January 12, 2000, Plaintiff KNOWLES complained to one of Defendant BAPTIST's Human Resources officers, Denise Benjamin, that her rights were being violated under federal law.

20. Defendant DINSMORE knew of Plaintiff KNOWLES' January 11, 2000 request for leave under the FMLA and her January 12, 2000 complaint to Defendant BAPTIST's Human Resources Department.

21. On January 20, 2000, Defendant DINSMORE placed Plaintiff KNOWLES on paid suspension to investigation allegations that she had falsified her time records on December 19, 1999.

22. In fact, Plaintiff KNOWLES did not falsify her time records on December 19, 1999. Plaintiff was late from returning from lunch that day due to radiator problems with her car, as substantiated by an affidavit, submitted to management, from the auto mechanic who repaired the tire, and informed management that she had been tardy in returning from lunch.

23. Plaintiff was terminated effective January 25, 2000.

## COUNT I

**(DEFENDANT BAPTIST - VIOLATION OF FMLA/DENIAL OF FMLA LEAVE)**

24. Plaintiff KNOWLES adopts and re-alleges her answers to paragraphs through 23 above.

25. Plaintiff KNOWLES' leave request(s) in January 2000 entitled her to

4

leave under the FMLA.

25. Plaintiff KNOWLES was denied leave under the FMLA in January 2000 in violation of 28 U.S.C. § 2615(1).

WHEREFORE, Plaintiff KNOWLES demands judgment against Defendant BAPTIST for reinstatement, compensatory damages, backpay, attorney's fees and costs and such other relief as this Court deems proper.

## COUNT II

### (DEFENDANT DINSMORE - VIOLATION OF FMLA/DENIAL OF FMLA LEAVE)

26. Plaintiff KNOWLES adopts and re-alleges her answers to paragraphs through 23 above.

27. Plaintiff KNOWLES' leave request(s) in January 2000 entitled her to leave under the FMLA.

25. Plaintiff KNOWLES was denied leave under the FMLA in January 2000 in violation of 28 U.S.C. § 2615(1).

WHEREFORE, Plaintiff KNOWLES demands judgment against Defendant DINSMORE for compensatory damages, backpay, attorney's fees and costs and such other relief as this Court deems proper.

## COUNT III

### (DEFENDANT BAPTIST - VIOLATION OF FMLA/SUSPENSION AND DISCHARGE)

28. Plaintiff KNOWLES adopts and re-alleges her answers to paragraphs through 23 above.

29. Plaintiff KNOWLES' leave request(s) in January 2000 entitled her to leave under the FMLA.

30. Plaintiff KNOWLES was suspended in January 2000 and then terminated effective January 25, 2000 as the result of her request for leave under the FMLA and in violation of 28 U.S.C. § 2615(1).

WHEREFORE, Plaintiff KNOWLES demands judgment against Defendant BAPTIST for reinstatement, compensatory damages, backpay, front pay, attorney's fees and costs and such other relief as this Court deems proper.

## COUNT IV

### (DEFENDANT DINSMORE - VIOLATION OF FMLA/SUSPENSION AND DISCHARGE)

31. Plaintiff KNOWLES adopts and re-alleges her answers to paragraphs through 23 above.

32. Plaintiff KNOWLES' leave request(s) in January 2000 entitled her to leave under the FMLA.

33. Plaintiff KNOWLES was suspended in January 2000 and then terminated effective January 25, 2000 as the result of her request for leave under the FMLA and in violation of 28 U.S.C. § 2615(1).

WHEREFORE, Plaintiff KNOWLES demands judgment against Defendant DINSMORE for compensatory damages, backpay, front pay, attorney's fees and costs and such other relief as this Court deems proper.

## COUNT V

### (DEFENDANT BAPTIST - VIOLATION OF FMLA/RETALIATORY SUSPENSION AND DISCHARGE)

34. Plaintiff KNOWLES adopts and re-alleges her answers to paragraphs through 23 above.

35. Plaintiff KNOWLES' leave request(s) in January 2000 entitled her to leave under the FMLA.

36. Plaintiff KNOWLES was suspended on January 20, 2000 and then terminated effective January 25, 2000 as the result of her complaints that she was unlawfully denied leave under the FMLA and in violation of 28 U.S.C. § 2615(2).

WHEREFORE, Plaintiff KNOWLES demands judgment against Defendant BAPTIST for reinstatement, compensatory damages, backpay, front pay, attorney's fees and costs and such other relief as this Court deems proper.

## COUNT VI

### (DEFENDANT DINSMORE - VIOLATION OF FMLA/RETALIATORY SUSPENSION AND DISCHARGE)

37. Plaintiff KNOWLES adopts and re-alleges her answers to paragraphs through 23 above.

38. Plaintiff KNOWLES' leave request(s) in January 2000 entitled her to leave under the FMLA.

39. Plaintiff KNOWLES was suspended on January 20, 2000 and then terminated effective January 25, 2000 as the result of her complaints that she was unlawfully denied leave under the FMLA and in violation of 28 U.S.C. § 2615(2).

WHEREFORE, Plaintiff KNOWLES demands judgment against Defendant DINSMORE for compensatory damages, backpay, front pay, attorney's fees and costs and such other relief as this Court deems proper.

Respectfully submitted,

Gary A Costales
Florida Bar No. 0948829

Law Office of
Gary A. Costales, P.A.
2151 Le Jeune Road, Suite 200
Coral Gables, Florida 33134
(305) 441-8633
(305) 441-6424 (facsimile)

# CIVIL COVER SHEET

JS 44 (Rev. 12/96)

01-1776

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MARY KNOWLES

**DEFENDANTS**
BAPTIST HEALTH SYSTEMS OF SOUTH FLORIDA, INC. AND
ROBERT DINSMORE

CIV-HUCK

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE BROWN

A-Dade 01-1776 CV Huck Bown

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GARY A. COSTALES, P.A.
2151 LeJeune Rd. Ste 200
CORAL GABLES FL 33134    305.441.8633

ATTORNEYS (IF KNOWN)
ROBERT KAUFMAN
STEARNS, WEAVER ET AL
305.789.3200

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans Excl. Veterans | ☐ 345 Marine Product Liability | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 362 Personal Injury - Med Malpractice | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | **A CIVIL RIGHTS** | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | ☐ 441 Voting | | A OR B |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 442 Employment | **PRISONER PETITIONS** | |
| | | ☐ 443 Housing/Accommodations | B☐ 510 Motions to Vacate Sentence | |
| | | ☐ 444 Welfare | **HABEAS CORPUS:** | |
| | | ☐ 440 Other Civil Rights | B☐ 530 General | |
| | | | A☐ 535 Death Penalty | |
| | | | B☐ 540 Mandamus & Other | |
| | | | B☐ 550 Civil Rights | |
| | | | B☐ 555 Prison Condition | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

ACTION UNDER THE FAMILY AND MEDICAL LEAVE ACT 28 USC 2601

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 4/30/01
SIGNATURE OF ATTORNEY OF RECORD: GARY A. COSTALES

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT $150.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
$150.00  840882
04/30/01