IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

01 JUN 29 PM 4:06

CASE NO. 01-1776-CIV-HUCK/BROWN

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

MARY KNOWLES,

    Plaintiff,

vs.

BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida
corporation and ROBERT DINSMORE,
an individual,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Baptist Health Systems of South Florida, Inc. ("Baptist") and Robert Dinsmore ("Dinsmore") (collectively referred to as "Defendants"), by and through undersigned counsel, file their Answer and Affirmative Defenses to Plaintiff's Complaint. Each numbered paragraph in the answer below corresponds to the same numbered paragraph in Plaintiff's Complaint. All allegations not specifically admitted herein are denied.

### INTRODUCTION

Defendants admit that Plaintiff was formerly employed by Baptist as a systems security technician. Baptist further admits that Plaintiff purports to state a cause of action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. Defendants, however, deny the remaining allegations in the first unnumbered paragraph of the Complaint (e.g, the Introduction), and deny that Plaintiff is entitled to any relief under FMLA.



STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 789-3200

CASE NO.01-1776-CIV-HUCK/BROWN

## VENUE/JURISDICTION

1. Defendants admit that Plaintiff purports to state a cause of action under FMLA, but deny that such claim is properly brought and deny that Plaintiff is entitled to any relief under FMLA.

2. Defendants admit that this Court has jurisdiction in this action.

## PARTIES

3. Defendants are without sufficient knowledge concerning whether Plaintiff was, and is, a resident of Miami-Dade County, Florida, and thus, deny the allegations in Paragraph 3 of the Complaint.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied.

## ALLEGED FACTS

9. Admitted.

10. Defendants admit that during Plaintiff's employment with Baptist, Dinsmore was the manager of Plaintiff's department and her direct and/or indirect supervisor. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11. Defendants admit that Plaintiff took time off work at various times during her employment and, that on certain occasions, Plaintiff purported to take such leave in order to care for

Page 2 of 7

CASE NO.01-1776-CIV-HUCK/BROWN

her son. Defendants, however, are without sufficient knowledge concerning the remaining allegations in Paragraph 11 and, therefore, deny same.

12. Denied.

13. Defendants admit that, on or about January 11, 2000, Plaintiff submitted a FMLA request form, and that such request form was delivered to Baptist's benefits department and to Dinsmore. Defendants assert that such form speaks for itself, and therefore deny the remaining allegations in Paragraph 13 of the Complaint.

14. Defendants admit that, on or about January 11, 2000, Plaintiff submitted a FMLA request form. Defendants assert that such form speaks for itself, and thus, deny the remaining allegations in Paragraph 14.

15. Defendants are without sufficient knowledge concerning the allegations in Paragraph 15 and, therefore, deny same.

16. Defendants are without sufficient knowledge concerning the allegation in Paragraph 16 and, thus, deny same.

17. Defendants are without sufficient knowledge concerning the specific "paperwork" which Plaintiff purports to identify in Paragraph 17 and, therefore, deny the allegations in Paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. Defendants admit that Dinsmore knew of Plaintiff's submission of an FMLA request form, but deny the remaining allegations in Paragraph 20 of the Complaint.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 789-3200

CASE NO.01-1776-CIV-HUCK/BROWN

21. Defendants admit that on January 20, 2000, Plaintiff was suspended, with pay, in connection with an investigation concerning Plaintiff's falsification of her time records. Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22. Denied.

23. Admit.

## COUNT I

### Defendant Baptist - Violation of FMLA/Denial of FMLA Leave

24. Baptist adopts and realleges its answers to Paragraphs 1 through 23 above.

25. Denied.

25. Denied. (This Paragraph is misnumbered in Plaintiff's Complaint).

Baptist denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of Count I of Plaintiff's Complaint.

## COUNT II

### Defendant Dinsmore - Violation of FMLA/Denial of FMLA Leave

26. Dinsmore adopts and realleges his answers to Paragraphs 1 through 23 above.

27. Denied.

25. Denied. (This Paragraph is misnumbered in Plaintiff's Complaint).

Dinsmore denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of Count II of Plaintiff's Complaint.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 789-3200

CASE NO.01-1776-CIV-HUCK/BROWN

## COUNT III

### Defendant Baptist - Violation of FMLA/Suspension and Discharge

28. Baptist adopts and realleges its answers to Paragraphs 1 through 23 above.

29. Denied.

30. Denied.

Baptist denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of Count III of Plaintiff's Complaint.

## COUNT IV

### Defendant Dinsmore - Violation of FMLA/Suspension and Discharge

31. Dinsmore adopts and realleges his answers to Paragraphs 1 through 23 above.

32. Denied.

33. Denied.

Dinsmore denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of Count IV of Plaintiff's Complaint.

## COUNT V

### Defendant Baptist - Violation of FMLA/Retaliatory Suspension and Discharge

34. Baptist adopts and realleges its answers to Paragraphs 1 through 23 above.

35. Denied.

36. Denied.

Baptist denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of Count V of Plaintiff's Complaint.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 789-3200

CASE NO.01-1776-CIV-HUCK/BROWN

## COUNT VI

### Defendant Dinsmore - Violation of FMLA/Retaliatory Suspension and Discharge

37.  Dinsmore adopts and realleges his answers to Paragraphs 1 through 23 above.

38.  Denied.

39.  Denied.

Dinsmore denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of Count VI of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1.  Plaintiff has failed to mitigate any damages she may have suffered as a result of the allegations in the Complaint.

2.  All actions by Defendants toward Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons wholly unrelated to any FMLA request by Plaintiff.

3.  Assuming *arguendo* that a FMLA request by Plaintiff factored into the decision to suspend and terminate her employment, those actions would have been taken anyway for legitimate business reasons wholly unrelated to any FMLA request.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 789-3200

CASE NO.01-1776-CIV-HUCK/BROWN

4. If Defendants discover evidence of misconduct by Plaintiff that would have warranted termination if she were still employed by Baptist, any right of Plaintiff to receive back pay will be cut off as of the date of such discovery.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Attorneys for Defendant
Museum Tower
Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: _____
ROBERT T. KOFMAN
Florida Bar No.: 335266
rkofman@swmwas.com
SUSAN J. TOEPFER
Florida Bar No.: 0004839
stoepfer@swmwas.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was forwarded via U.S. Mail this ___ day of June, 2001, to: **Gary A. Costales, Esquire**, 2151 Le Jeune Road, Suite 200, Coral Gables, Florida 33134.

By: _____
SUSAN J. TOEPFER

G:\W-LIT\34042\026\Answer.aff

Page 7 of 7

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 789-3200