IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.01-1776-CIV-HUCK/BROWN

MARY KNOWLES,

       Plaintiff,

vs.

BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida
corporation and ROBERT DINSMORE,
an individual,

       Defendants.

_____/



FILED by _____ D.C.
DKTG

JAN 1 6 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## AMENDED JOINT PRETRIAL STIPULATION

       Plaintiff Mary Knowles and Defendants Baptist Health Systems of South Florida, Inc. ("Baptist") and Robert Dinsmore, through their undersigned counsel, and pursuant to S.D. Fla. L.R. 16.1(E) and the Court's Scheduling Order, hereby file this Amended Joint Pretrial Stipulation, as follows:

### I.    Concise Statement of the Case.

#### A.    Plaintiff's Statement.

       Plaintiff started working for Defendant Baptist in or about 1996. Plaintiff's supervisor for the majority of the time that she worked for Defendant Baptist was Robert Dinsmore. Jim Balchun became Plaintiff's immediate supervisor on December 14, 1999 and Dinsmore then became her second-line supervisor. However, even after December 1999, Dinsmore acted Plaintiff's direct supervisor with regard to all managerial decisions made that are pertinent to this lawsuit.

       On Sunday, December 19, 1999, Plaintiff's car unexpectedly broke down during her lunch hour and she had to have the radiator in her car replaced. Plaintiff took two hours for lunch. On December 20, 1999, Plaintiff told her immediate supervisor, Jim Balchun, that she had been late in returning from lunch due to car problems the previous day and that the hours should be deducted.



Plaintiff has two children that have serious medical conditions that require continued medical care. One of Plaintiff's children is disabled and another was born with a recurrent condition that can be life threatening. Plaintiff's supervisor, Robert Dinsmore, regularly allowed Plaintiff to have a flexible schedule which allowed her to take her children to the doctor. However, at some point in late 1999 or early 2000, Dinsmore decided that he wanted to curtail Plaintiff's use of leave for such reasons.

Consistent with that intention, on January 10, 2000, Dinsmore met with Plaintiff and Plaintiff's immediate supervisor, Jim Balchun. Both Messrs. Dinsmore and Balchun gave Plaintiff a memo in which, *inter alia*, her work hours were changed from 7am-3pm to 8am-5pm. Plaintiff was also instructed that all medical appointments had to be scheduled outside of working hours. Plaintiff was told that she would be terminated if she did not sign the memo immediately. Plaintiff had never been disciplined before this time. No mention was made of the December 19th occasion during which Plaintiff was late in returning to work from lunch hour.

Plaintiff became upset after receiving the memo because the memo imposed an unreasonable curtailment of her ability to take her children to the doctor. Plaintiff felt that it would have been difficult, if not impossible, to schedule medical appointments for her children outside of the newly created work hours of 8am-5pm. Relying on language in the January 10th memo which suggested that Defendant's Employee Assistance Program (EAP) may be contacted for any problems, Plaintiff then called Janet Irgang, EAP counselor, to see what could be done. Plaintiff met with Irgang on January 11, 2000 and Irgang suggested that she (Plaintiff) look into the possibility of taking leave under the FMLA. Plaintiff did not know of the existence of the FMLA before this time. Irgang referred Plaintiff to Denise Benjamin, Human Resources.

After speaking with Denise Benjamin, and obtaining the proper FMLA forms to complete, Plaintiff obtained all of the necessary medical documentation to make a request for leave under the FMLA. Plaintiff then presented Dinsmore with her request and the corroborating medical documentation on January 12, 2000. After Plaintiff presented Dinsmore with her FMLA request and supporting medical documentation, Dinsmore became hostile with her, told her that he was denying the request and that Plaintiff had "opened a can of worms" by involving the Human Resources

department into the situation.   Dinsmore also told Plaintiff that the restrictions contained in his January 10, 2000 corrective action memo superceded her request for FMLA leave.   Dinsmore also felt Plaintiff's January 12, 2000 request for FMLA leave "complicate[d] the process" because a record of her FMLA leave would have to be kept.

Plaintiff then wrote an e-mail to Denise Benjamin in which she stated that Dinsmore had denied her request for leave under the FMLA and that she felt that her rights were being violated under the FMLA. Plaintiff wrote:

> "I have just gone over to Bob Dinsmore office and he has disapproved and refuses to sign the FMLA Form for the Approved Family Medical Leave Act.  Bob Dinsmore has also said that he will take it up with Mimi Taylor.  He's not going to approve.  He's very strong about this. This is a Federal Government Law and I have rights to and you have already approved…"

After receiving Plaintiff's e-mail, Benjamin then called Dinsmore to tell him about Plaintiff's e-mail. Benjamin was concerned at that time that the FMLA regulations were not being followed by Dinsmore. Benjamin also wrote Plaintiff a response to this e-mail in which she stated that Dinsmore would have to decide whether she was entitled to leave under the FMLA. Dinsmore wrote an e-mail to Michael Fleming, Human Resources Manager, the same morning that he rejected Plaintiff's FMLA request, informing him that he had rejected her requests.

Dinsmore also intended to further discourage Plaintiff from taking FMLA leave by drafting a memo which contained many restrictions for FMLA leave requests which, according to at least one of Defendant's Human Resource managers, were themselves violative of the FMLA.  Dinsmore never gave Plaintiff this memo based on the instruction of Defendant's Human Resources department.

Sometime after January 12, 2001, Dinsmore obtained time records in order to scrutinize Plaintiff's use of the time clock.  After much time was spent in compiling, analyzing and preparing a timeline summary of the records, it was determined that the time records showed that Plaintiff was absent from lunch for a two-hour time period during Sunday, December 19, 1999, but the extra lunch hour was never deducted from her paycheck.  The time clock used by Plaintiff and other Baptist employees automatically deducted one-half hour for lunch from every work shift.

Plaintiff was suspended on January 20, 2000 and was terminated effective January 25, 2000, less than two weeks after she first complained that her rights under the FMLA were being violated.

CASE NO.01-1776-CIV-HUCK/BROWN

Cindy Oliver informed Plaintiff that Dinsmore had decided to terminate her based on her absence from work for two hours on December 19, 1999.

Plaintiff is the only employee within the Information Technology Department who has ever been terminated for any offense related to an allegation of falsification of time records. One of Plaintiff's co-workers, Estuardo Vaca, left Defendant Baptist's offices on many occasions without clocking out.

Plaintiff's supervisor, Robert Dinsmore, took many actions which were intended to interfere with Plaintiff's rights under the FMLA, including those actions which were intended to discourage her from requesting leave under the FMLA. Defendants were motivated by Plaintiff's intention to exercise her right to FMLA leave as well her complaint of unfair treatment when Plaintiff was targeted for termination based on reasons that were a pretext for the unlawful intent of Defendants.

**B.    Defendant's Statement.**

Defendants Baptist and Dinsmore adamantly deny that they violated the Family and Medical Leave Act ("FMLA") by either interfering with her right to take intermittent FMLA leave, or by terminating her in retaliation for having exercised such rights. Rather, as Plaintiff has admitted, Defendants have never denied Plaintiff any request to take time off as she needed for personal or family reasons, whether FMLA-qualifying or not. Further, Plaintiff's termination in January 2000 was based solely upon the legitimate and good faith belief by Defendants that Plaintiff had engaged in falsification of her time records -- a terminable offense under Baptist's code of conduct.

During the period of time at issue, Plaintiff was a Security Technician in Baptist's Information Technology Department and was supervised by Dinsmore. It is undisputed that Dinsmore was extremely flexible in accommodating Plaintiff's personal and child care issues. Dinsmore approved a change in her schedule solely for child care purposes; he allowed her to frequently leave the office for myriad personal and family issues; he also gave Plaintiff special parking privileges, so she could leave the office more quickly to attend to family issues. Dinsmore's leniency with Plaintiff continued throughout her employment. There is no evidence of a single instance where Plaintiff was denied a request to take leave to care for her children.

Indeed, Plaintiff took full advantage of Dinsmore's leniency. Plaintiff was absent very

frequently for medical, family, or other personal reasons, well before the time she requested intermittent FMLA leave (January 12, 2000). While Plaintiff's requests were never denied, her attendance did become a problem to her supervisors and coworkers, who were forced at times to shoulder her workload. Even while at work, Plaintiff wandered around the office excessively socializing and spent substantial time on personal telephone calls. By the summer of 1999, Plaintiff's absenteeism and other performance issues had become serious. As a result, both Dinsmore verbally counseled Plaintiff several times during fall 1999, and alerted his supervisor, Mimi Taylor, that Knowles' productivity and quality of work had decreased significantly.

On Sunday, December 19, 1999, Plaintiff brought her five year old daughter to work. They left the office for lunch, but, according to Plaintiff, the car started overheating, so she turned around to go back to the office. Plaintiff then pulled into a Pizza Hut where she put water into the radiator and brought her child inside to eat lunch. She then called City Tire and was allegedly told to bring the car in for repair. Plaintiff does not dispute that she left the corporate office and was gone for two hours, but remained clocked in during that time. Plaintiff claims she advised Jim Balchun of this incident. Balchun denies this and there is no documentation that such notice was ever given.

In late December 1999, Taylor was told by a receptionist, Mary Martinez, that Plaintiff requested her to adjust her hours in the payroll system and that Martinez believed Plaintiff's hours were inequitable to other employees. Taylor asked her assistant to contact payroll to determine if this was appropriate, whereupon the Corporate Director of Payroll, Laura Haggerty, advised that the requested adjustment was unusual and also reported that she saw Plaintiff leave the office on a weekend day (December 19, 2000) while clocked in. On January 3, 2000, Taylor advised Dinsmore to investigate the payroll issue and correct the situation which created Martinez's perception of disparity. Dinsmore proceeded to do so, by first having Balchum request key entry data and garage history logs for Knowles for December 1999. The records were received within the next 2 weeks.

Prior to receiving the records, Dinsmore and Balchun also met with Plaintiff on January 10, 2000, to issue her a Corrective Action Notice. This Notice was issued to eliminate the perception of favoritism in the department – it generally required Knowles to abide by the normal department rules concerning work hours and work habits.

CASE NO.01-1776-CIV-HUCK/BROWN

Plaintiff did not report to work the following morning, January 11, 2000.  Instead, she went to see an EAP representative and then to see Denise Benjamin, Work Resource Coordinator, who assisted her with completing a FMLA request for intermittent leave.  The morning of January 12, 2000, Plaintiff burst into Dinsmore's office demanding that he sign her FMLA request form.  He told her he would not sign anything until he knew what it was.  Dinsmore then called Benjamin who advised how FMLA intermittent leave works.  Dinsmore then signed Plaintiff's FMLA request within two hours of its submission by Plaintiff.  In a meeting on January 14, 2000, Dinsmore also confirmed to Plaintiff that she would not be restricted in any way from taking FMLA leave.

After receiving the key entry data and garage records, Dinsmore reviewed same and determined that Knowles was out of the office for two hours on December 19, 1999, while she remained clocked in.  Dinsmore the reviewed the same records for the past six months and discovered seventeen additional occasions when Plaintiff left the building for substantial periods of time -- e.g., for nine and ten hours on two occasions -- without clocking out.  He discussed these additional occurrences with Taylor, as well as Cindy Oliver and Michael Fleming of the Human Resources Department.  They felt Plaintiff had developed a pattern of falsifying her time records.

Dinsmore and Oliver then met with Plaintiff on January 20, 2000 to provide her an opportunity to explain the discrepancies.  In the meeting, Plaintiff was advised there were several discrepancies in the time records, but Plaintiff was asked to explain the December 19, 1999 discrepancy.  When confronted with the records, the only explanation Plaintiff provided was that she went to lunch with her children that day.  No explanation was offered as to why her time was not corrected.  Plaintiff was asked if she had previously engaged in similar conduct, but claimed that December 19, 1999 was the only time that ever happened, which was a demonstrably false statement in light of the records establishing otherwise.  At the end of the meeting, Plaintiff was placed on paid suspension pending the results of management's investigation.

Baptist's Code of Conduct provides that falsification of personnel records is a flagrant violation that may result in termination without prior corrective steps.  As a result of Plaintiff's egregious pattern of falsification of time records, Dinsmore, Oliver, Fleming (with Taylor concurring) decided to terminate Plaintiff's employment, which was done on January 25, 2000.  Plaintiff's

CASE NO.01-1776-CIV-HUCK/BROWN

suspension and termination were based entirely on the legitimate, good faith belief by this group of decision makers that Plaintiff had engaged in extensive time record falsification.

## II.     Basis for Federal Jurisdiction.

This courts jurisdiction is based upon 28 U.S.C. §§ 1331 since Plaintiff's claims under the Family and Medical Leave Act (29 U.S.C. §2601 *et. seq.*) raises a question of federal law.

## III.    Pleadings Raising the Issues.

1.     Plaintiff's Complaint

2.     Defendants' Answer and Affirmative Defenses

## IV.    Pending Motions and Other Matters.

1.     Defendants' Motion for Summary Judgment

2.     Defendants' Motion in Limine To Exclude Decision Of The Unemployment Compensation Appeals Referee.

## V.     Concise Statement of Uncontested Facts.

1.     Defendant Baptist was an employer covered by the Family Medical Leave Act ("FMLA") during the time that Plaintiff was employed by the Defendant.

2.     Plaintiff did not request FMLA leave until January 12, 2000.

## VI.    Issues of Fact Which Remain to be Litigated at Trial.

**Defendants contend that there are no genuine issues of material fact which need to be litigated at trial, and thus summary judgment should be entered in their favor. However, if the Court does not find in favor of Defendants, as a matter of law, Defendants agree that the following facts would need to be tried.**

1.     Whether, on or after January 12, 2000, Defendants ever denied Plaintiff the right to take intermittent leave for a FMLA-qualifying reason.

2.     Whether Defendants ever interfered with Plaintiff's ability to take intermittent leave for a FMLA-qualifying reason.

3.     Whether Defendants suspended and/or terminated Plaintiff in retaliation for her request for intermittent FMLA leave.

4.     Whether Plaintiff would not have been suspended and/or terminated, but for the fact that she had submitted a request to take intermittent FMLA leave.

CASE NO.01-1776-CIV-HUCK/BROWN

5.     Whether Defendant Dinsmore is an employer within the meaning of the FMLA.

6.     If Dinsmore is an employer within the meaning of the FMLA, whether, on or after January 12, 2000, he ever denied or interfered with Plaintiff's right to take intermittent leave for a FMLA-qualifying reason.

7.     If Dinsmore is an employer within the meaning of the FMLA, whether, on or after January 12, 2000, Dinsmore retaliated in any manner against Plaintiff based upon the fact that she had submitted a request to take intermittent FMLA leave.

8.     Whether Plaintiff suffered any economic or non-economic damages as a result of the alleged violation of FMLA.

9.     The value of any economic and/or non-economic damages, if any, which Plaintiff suffered as a result of the alleged violation of FMLA.

12.     Whether Plaintiff sufficiently mitigated her damages.

13.     If Plaintiff sufficient mitigated her damages, the amount of money Plaintiff actually received following her termination by Baptist.

14.     If Plaintiff did not sufficiently mitigate her damages, the amount by which Plaintiff's economic damages should be reduced as a result.

15.     Whether after Plaintiff's termination, Baptist discovered misconduct (e.g., intentionally hiding work assignments received from Baptist's subsidiaries) by Plaintiff which, had it been discovered during her employment, would have caused Baptist to terminate Plaintiff's employment.

16.     If so, the date upon which Baptist became aware of such misconduct.

17.     Whether Defendants acted in good faith and with reasonable grounds for believing that its actions did not constitute a violation of the FMLA.  (29 U.S.C. § 260).

**VII.    <u>Concise Statement of Issues of Law of which there is Agreement.</u>**

1.     The Court has jurisdiction over Plaintiff's claim.

2.     Defendant Baptist is an employer within the meaning of the FMLA.

2.     Venue is proper in this court.

**VIII.    <u>Issues of Law for Determination by the Court.</u>**

CASE NO.01-1776-CIV-HUCK/BROWN

1.      Whether Plaintiff has presented sufficient evidence to prove that, on or after January 12, 2000, Plaintiff was denied any right to take intermittent leave for a FMLA-qualifying reason.

2.      Whether Plaintiff has presented sufficient evidence to prove that Defendants interfered with Plaintiff's right to take intermittent leave for a FMLA-qualifying reason.

3.      Whether Plaintiff has presented sufficient evidence to prove that Defendants' suspension and/or termination of her employment was taken in retaliation against Plaintiff for having requested intermittent FMLA leave.

4.      If Defendants are found to have violated FMLA, whether Plaintiff is entitled to damages including lost wages, salary, benefits and interest.

5.      Whether Plaintiff has presented sufficient evidence to prove that she suffered economic or non-economic damages as a result of any violation of FMLA.

6.      Whether Plaintiff has presented sufficient evidence to prove that she sufficiently mitigated her damages following her termination by Baptist.

7.      If the jury finds that Defendant Baptist discovered after the date of Plaintiff's termination that Plaintiff had engaged in conduct (e.g., intentionally hiding work assignments received from Baptist subsidiaries) which would have constituted a terminable offense had Defendant known about such conduct during Plaintiff's employment, whether Plaintiff's entitlement to recover back pay, if any, must be cut off as of the date Baptist discovered that Plaintiff had engaged in such misconduct.

8.      If Defendants are found to have to have violated FMLA, whether Plaintiff is entitled to any equitable relief pursuant to FMLA.

9.      If Defendants are found to have violated FMLA, whether Plaintiff is entitled to an award of attorney's fees and costs incurred in bringing this litigation.

10.     If Defendants are not found to have acted in good faith and with reasonable grounds for believing that its actions did not violate FMLA, the amount of any liquidated damages which may be awarded to the Plaintiff.

11.     The amount of any prejudgment interest, liquidated damages, attorneys' fees or costs which Plaintiff is entitled to recover.

CASE NO.01-1776-CIV-HUCK/BROWN

IX.   **Trial Exhibits.**

    **A.**    **Plaintiff's Exhibits**

Plaintiff's Exhibit List is attached hereto at Tab 1.

    **B.**    **Defendant's Exhibits**

Defendant's Exhibit List is attached hereto at Tab 2.

X.   **Trial Witnesses**

    **A.**    **Plaintiff's Witnesses**

Plaintiff's Witness List is attached hereto at Tab 1.

    **B.**    **Defendant's Witnesses**

Defendant's Witness List is attached hereto at Tab 2.

XI.   **Estimated Trial Time.**

The parties estimate the trial will take four (4) to five (5) days.

XII.   **Attorneys' Fees**

    **A.**    **Plaintiff's Statement**

Plaintiff will not be able to accurately estimate her attorneys' fees, costs and expenses until the completion of trial.

    **B.**    **Defendant's Statement**

Defendants' attorneys' fees and costs cannot be determined until completion of trial.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Counsel for Defendants
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-780-3200
Facsimile: 305-789-3395

By: _Susan Toepf_
ROBERT T. KOFMAN
rkofman@: wmwas.com
Florida Bar No. 335266
SUSAN J. TOEPFER
stoepfer@: wmwas.com
Florida Bar No. 0004839

LAW OFFICE OF GARY A. COSTALES,
P.A.
Counsel for Plaintiff
2151 Le Jeune Road, Suite 200
Coral Gables, FL 33134
Telephone: 305-441-8633
Facsimile: 305-441-6424

By _____
GARY A. COSTALES
Florida Bar No.: 0948829

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 01-1776 CIV-HUCK/BROWN

MARY KNOWLES,

        Plaintiff,

v.

BAPTIST HEALTH SYSTEMS OF SOUTH
FLORIDA INC., a Florida corporation and
ROBERT DINSMORE, an individual

        Defendants.

_____/

## PLAINTIFF'S EXHIBIT AND WITNESS LIST FOR TRIAL

| PRESIDING JUDGE:<br>HON. PAUL C. HUCK | PLAINTIFF'S ATTORNEY:<br>GARY A. COSTALES, ESQ. | DEFENDANT'S ATTORNEY:<br>ROBERT T. KOFMAN, ESQ.<br>SUSAN J. TOPEFER, ESQ. |
|---|---|---|
| TRIAL DATE(S): FEBRUARY 4, 2002 | COURT REPORTER: | COURTROOM DEPUTY: |

| PLF.<br>NO. | DEF.<br>NO. | OBJECTION | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | | | | 1/12/00 e-mails from Michael Fleming to Bob Dinsmore and vice versa [0270] |
| 2 | | | | | 1/10/00 Memo from Dinsmore to Knowles [0528-29] |
| 3 | | | | | 1/20/00 Notice of Paid Suspension [0450] |
| 4 | | R | | | 1/12/00 Memo from Dinsmore to Plaintiff re: FMLA [0569-70] |
| 5 | | | | | 1/12/00 e-mail from Plaintiff to Denise Benjamin [0431] |
| 6 | | R | | | 1/13/00 e-mail from Dinsmore to Denise Benjamin and DOL attachment [0273, 0275, 0276] |
| 7 | | R | | | 1/13/00 e-mail from Denise Benjamin to Dinsmore [0278] |
| 8 | | R | | | 1/13/00 e-mail from Cindy Olver to Dinsmore [0277] |
| 9 | | Duplicative of Ex. 5 | | | 1/12/00 e-mail from Plaintiff to Denise Benjamin and Benjamin reply [0431] |
| 10 | | | | | "History Logs" [0279-0295, 0304-0309] |
| 11 | | | | | "Key Follow" Reports [0310-0324] |
| 12 | | | | | Medical Certification Forms C [0429-30] |
| 13 | | | | | Request for Leave of Absence – Form A [0571] |
| 14 | | | | | Notice of Leave of Absence Approval [0572] |

| 15 | | R, H | | | Undated letter from Dr. Alan Swartz [0471] |
|---|---|---|---|---|---|
| 16 | | R, H | | | January 10, 2000 letter from Dr. Alan Swartz [0425] |
| 17 | | | | | Punch detail reports [0793-0795] |
| 18 | | R, A, H | | | Affidavit of Wayne Merein [000011] |
| 19 | | A | | | City Tire Invoice number 241237 [000010] |
| 20 | | R | | | Service Excellence Award [0421] |
| 21 | | R | | | Hospitality Recognition Award dated September 19, 1997 |
| 22 | | | | | Punch Detail Report [0274] |
| 23 | | R, Not Produced | | | "Authorization for Absence" for Plaintifff dated 1/13/00 |
| 24 | | | | | Employment Application – Brinker International |
| 25 | | | | | Employment Application – Toys R Us |
| 26 | | | | | Employment Application – Adams |
| 27 | | | | | Employment Application – Publix |
| 28 | | | | | Employment Application – Rack Room Shoes |
| 29 | | | | | Employment Application - Eckerd |
| 30 | | | | | Employment Application – Pet Supermarket |
| 31 | | | | | Employment Application – DenAmerica Corp. |
| 32 | | | | | Employment Application –Payless ShoeSource |
| 33 | | | | | Employee Performance Progress Review dated July 8, 1997 |
| 34 | | R | | | 9/2/99 Service Excellence Award |
| | | | | | All exhibits identified by Defendants |
| | | | | | All exhibits marked during depositions |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | Mary Knowles6462 SW 152 Cir. Place Miami, Florida 33193 |
| | | | | | Wayne Merrein13221 SW 38th TerraceMiami, Florida 33175 |
| | | | | | Robert Dinsmorec/o Baptist Health Systems of South Florida |
| | | | | | Janet Irgangc/o Baptist Health Systems of South Florida |
| | | | | | Denise Benjaminc/o Baptist Health Systems of South Florida |
| | | | | | Cindy OliverUNISA 10814 NW 33rd Street, Suite 100Miami, Florida 33172 |
| | | | | | All witnesses identified by Defendants |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Rebuttal and impeachment witnesses |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**EXHIBIT 2**

pAO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court
# Southern District of Florida

MARY KNOWLES
                Plaintiff,

v.

BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida
corporation and ROBERT DINSMORE
an individual,

**EXHIBIT AND WITNESS LIST**
CASE NUMBER: 01-1776-CIV-HUCK/BROWN

                Defendants.

| PRESIDING JUDGE PAUL C. HUCK | | | | | PLAINTIFF'S ATTORNEY Gary A. Constales, Esq. | DEFENDANT'S ATTORNEY Robert T. Kofman, Esq. Susan J. Toepfer, Esq. | |
|---|---|---|---|---|---|---|---|
| TRIAL DATES(S) February 4, 2002 | | | | | COURT REPORTER | COURTROOM DEPUTY | |
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES | | OBJ. |
| | A. | | | | City Tire invoice number 241237 [000010] | | |
| | B. | | | | 12/01/95 Baptist Health Systems of South Florida, Human Resources Policy, Resolution of Grievances [BHS 0752 - BHS 0754] | | R |
| | C. | | | | 12/01/95 Baptist Health System of South Florida, Human Resources Policy, Employee Conduct [BHS 0755 - BHS 0757] | | R |
| | D. | | | | 09/1996 Family and Medical Leave Handbook, re Intermittent Leave [BHS 0271 - BHS 0272] | | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | |
|---|---|---|---|---|---|
| E. | | | | 01/17/97 Memorandum to Mimi Tortolini from Bob Dinsmore re personnel requisition,  [BHS 0090 - BHS 0094] | R |
| F. | | | | 07/15/97 E-mails regarding input of physician information  [BHS 0173] | R |
| G. | | | | 09/22/97 Memorandum to Recipients of BHS Human Resources Policy Manual from Carl A. Gustafson re Human Resources Policy - Paid Time Off (PTO) #3800s  [MK 0004 - MK 0017] | R |
| H. | | | | 1998 Baptist Health Systems of South Florida, Employee Guide [BHS 0580 - BHS 0655] | |
| I. | | | | 02/01/98 Employment Status Change Notice [BHS 0113 - BHS 0114] | R |
| J. | | | | 02/20/98 E-mail to MARIAL from Mary Knowles re Reply for Clinstar Patient Care ID Codes [BHS 0504 - BHS 0505] | R |
| K. | | | | 02/23/98 E-mail to Mary Knowles from Maria Lago re e-mail [BHS 0509] | R |
| L. | | | | 04/09/98 E-mail to Bob Dinsmore from Mary Knowles re children's doctors appointment [BHS 0807] | |
| M. | | | | 11/24/98 E-mail to Maria Martinez from Mary Knowles re time off [BHS 0514] | R |
| N. | | | | 11/24/98 E-mail to Maria Martinez from Mary Knowles re vacation [BHS 0515] | R |
| O. | | | | 01/20/99 Performance evaluation - annual review [BHS 0115 - BHS 0118] | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | |
|---|---|---|---|---|---|
| | P. | | | | 02/1999 Baptist Health Systems of South Florida, Time Record Preparation policy [BHS 0818 - BHS 0820] | |
| | Q. | | | | 03/15/99 E-mail to Bob Dinsmore from Mary Knowles re emergency at son's school [BHS 0523] | R |
| | R. | | | | 08/05/99 list of issues Mary Knowles has been counseled on  [BHS 0252] | R, H |
| | S. | | | | 08/11/99 E-mail to Maria Martinez from Mary Knowles re forgot badge [BHS 0804] | R |
| | T. | | | | 09/16/99 E-mail to Bob Dinsmore from Mary Knowles re Estuardo not back from lunch yet [BHS 0796] | |
| | U. | | | | 09/24/99 E-mail from Jim Balchun to Bob Dinsmore re personnel incident - Mary Knowles personal phone call [BHS 0473] | |
| | V. | | | | 11/03/99 E-mail from Mary Knowles to Jim Balchun re Estuardo Vaca [BHS 0227] | |
| | W. | | | | 11/10/99 Baptist Health System of South Florida, Human Resources Policy, Family and Medical Leave of Absence [BHS 0740 - BHS 0751] | |
| | X. | | | | 12/16/99 E-mail to Maria Martinez from Mary Knowles re no PTO  [MK 0028] | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | |
|---|---|---|---|---|---|
| | Y.1-Y.51 | | | | 11/23/98 - 01/26/00 E-mails from Mary Knowles regarding time off [BHS 0174 - BHS 0175, BHS 0178, BHS 0180 - BHS 0198, BHS 0201 - BHS 0210, BHS 0217 - BHS 0220, BHS 0223 - BHS 0226, BHS 0228 - BHS 0232, BHS 0234 - BHS 0245, BHS 0253 - BHS 0259] | R, I, UP, H |
| | Z. | | | | E-mail from Mary Knowles to Bob Dinsmore re appointment with attorney re son attacked by dog [BHS 0812] | R |
| | AA. | | | | 12/20/99 E-mail to Maria Martinez from Mary Knowles re no PTO [MK 0030] | |
| | BB. | | | | 12/22/99 E-mail to Jim Balchun from Mary Knowles re hours [000035] | |
| | CC. | | | | 12/28/99 Baptist Health Systems of South Florida, Job Description of Systems Security Technician [BHS 0162 - BHS 0166] | R |
| | DD. | | | | 12/31/99 E-mail to Maria Martinez from Mary Knowles re no PTO [MK 0031] | |
| | EE. | | | | 2000 Baptist Health Systems of South Florida, Employee Guide [BHS 0656 - BHS 0737] | |
| | FF. | | | | 01/03/00 E-mail to Bob Dinsmore from Mimi Taylor re P&C memo [BHS 0833] | H |
| | GG. | | | | 06/10/99 - 01/06/00 pay stub information [BHS 0860 - BHS 0875] | |
| | HH. | | | | 01/10/00 Memorandum to Mary Knowles from Bob Dinsmore re Notice of Clarification and Change to Work Practices  [BHS 0124 - BHS 0125] | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | | |
|---|---|---|---|---|---|---|
| | II. | | | | 01/11/00 E-mail to Mimi from Bob Dinsmore re Mary Knowles lunch break [BHS 0268] | H |
| | JJ. | | | | 01/11/00 Memorandum to Personnel File (Mary Knowles) from Bob Dinsmore re meeting documentation [BHS 0344] | |
| | KK. | | | | 01/11/00 Baptist Health Systems of South Florida, Medical Certification - Form C [BHS 0568] | |
| | LL. | | | | 01/11/00 Baptist Health Systems of South Florida, Medical Certification - Form C [BHS 0567] | |
| | MM. | | | | 01/11/00 Baptist Health Systems of South Florida, Request for Leave of Absence - Form A [BHS 0571] | |
| | NN. | | | | 01/11/00 Authorization for absence signed by Dr. Dennis Messina [MK 0047] | |
| | OO. | | | | 01/12/00 Fax cover sheet to Cindy Oliver from Mary Knowles re scheduling of doctors appointments [BHS 0042] | |
| | PP. | | | | 01/12/00 E-mail to Mary Knowles from Denise Benjamin re FMLA [BHS 0431] | |
| | QQ. | | | | 01/12/00 E-mail to Jim Balchun from Mary Knowles re lunch hour [000034] | |
| | RR. | | | | 01/12/00 Key entry report [BHS 0411 - BHS 0415] | |
| | SS. | | | | 01/12/00 History logs for 12/19/99 - 01/15/00 [BHS 0416 - BHS 0418] | |
| | TT. | | | | 01/12/00 Letter to Cindy Oliver from Mary Knowles re flexible work hours [BHS 0831 - BHS 0832] | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | UU. | | | | Family and Medical Leave Act information printed 01/12/00 from Chicago Legal Net.com [BHS 0261 - BHS 0267] | |
|---|---|---|---|---|---|---|
| | VV. | | | | 01/13/00 Punch detail report [BHS 0274] | A |
| | WW. | | | | 01/13/00 Memorandum to Systems Security Non-Exempt Personnel from Bob Dinsmore re Desired Selection of Workday Schedule [BHS 0350 - BHS 0352] | |
| | XX. | | | | 01/13/00 E-mail to Cindy Oliver from Mary Knowles re medical appointments [BHS 0354 - BHS -355] | |
| | YY. | | | | U.S. Department of Labor, 29 CFR 825.302 re FMLA printed 01/13/00 [BHS 0275 - BHS 0276] | |
| | ZZ. | | | | 01/14/00 Notice of Leave of Absence Approval [BHS 0572] | |
| | AAA. | | | | 01/14/00 Garage history logs for 06/01/99 - 12/31/99 [BHS 0279 - BHS 0295, BHS 0304 - BHS 0309] | A |
| | BBB. | | | | 01/14/00 Punch detail report [BHS 0296 - BHS 0303] | A |
| | CCC. | | | | 01/14/00 E-mail to Mary Knowles, Cindy Oliver from Bob Dinsmore re meeting with Mary Knowles  [MK 0057] | |
| | DDD. | | | | 01/14/00 Memorandum to File from Jim Balchun re personnel meeting with Mary Knowles January 14, 2000 [BHS 0827 - BHS 0828] | |
| | EEE. | | | | 01/15/00 E-mail to Information Technology from Mimi Taylor re personal phone calls [BHS 0364] | |

\*  Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | FFF. | | | | 01/16/00 E-mail to Cindy Oliver and Bob Dinsmore from Mary Knowles re Meeting with Mary Knowles - Reply [BHS 0366 - BHS 0367] | |
| --- | --- | --- | --- | --- | --- | --- |
| | GGG. | | | | 01/17/00 Memorandum to Personnel File (Mary Knowles) from Bob Dinsmore re Meeting Documentation [BHS 0370] | |
| | HHH. | | | | 01/17/00 Memorandum to Norberto Ramos from Jim Balchun re Request for Security Access Log Printouts [BHS 0377] | |
| | III. | | | | 01/17/00 Key entry report  [BHS 0324 - BHS 0333] | |
| | JJJ. | | | | 01/18/00 E-mail to Jim Balchun, Mary Knowles from Bob Dinsmore re rescheduling of dentist appointment [BHS 0379] | |
| | KKK. | | | | 01/18/00 E-mail to Cindy Oliver from Mary Knowles re BHS corporate parking garage [BHS 0445] | R |
| | LLL. | | | | 01/19/00 Key entry report  [BHS 0310 - BHS 0323] | |
| | MMM. | | | | Time line for December 19, 1999 [BHS 0405] | I |
| | NNN. | | | | 01/20/00 Memorandum to Mary Knowles from Bob Dinsmore re Notice of Paid Suspension [BHS 0126] | |
| | OOO. | | | | 01/20/00 E-mails between Cindy Oliver and Mary Knowles re parking [BHS 0167 - BHS 0168] | R |
| | PPP. | | | | 01/20/00 E-mail to Bob Dinsmore from Mimi Taylor re Mary Knowles seen out while clocked into Kronos [BHS 0474 - BHS 0475] | H |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | |
|---|---|---|---|---|---|
| QQQ. | | | | 01/20/00 Agenda for meeting with Mary Knowles [BHS 0388 - BHS 0390] | |
| RRR. | | | | 01/20/00 Agenda for meeting with Mary Knowles [BHS 0476 - BHS 0478] | |
| SSS. | | | | 01/21/00 Memorandum to Michael Fleming from Cindy  Oliver re Mary Knowles, final summary of payroll hours issue [BHS 0391] | |
| TTT. | | | | E-mail to Jim Balchun, Cindy Oliver from Bob Dinsmore re 01/20/00 payroll hours meeting with Mary Knowles [BHS 0392 - BHS 0393] | |
| UUU. | | | | 01/25/00 Employment Status Change Notice re termination [BHS 0133 - BHS 0134] | |
| VVV. | | | | 02/04/00 Letter to Cindy Oliver from Mary Knowles re filing of grievance [BHS 0455 - BHS 0469] | R |
| WWW. | | | | 02/25/00 Memorandum to Bob Dinsmore from Cindy Oliver te Mary Knowles grievance [BHS 0470] | R |
| XXX. | | | | 04/04/00 Letter to Mary Knowles from Bob Dinsmore re termination [BHS 0145] | |
| YYY. | | | | 04/06/00 Letter to Cindy Oliver from Mary Knowles re Dinsmore's 04/04/00 response [BHS 0400 - BHS 0402] | A |
| ZZZ. | | | | 04/09/00 Baptist Health System of South Florida, Human Resources Policy, Guidelines for Employee Attendance [BHS 0763 - BHS 0766] | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | |
|---|---|---|---|---|---|
| AAAA. | | | | 04/11/00 Memorandum To Whom it May Concern from Laura Haggerty re Mary Knowles not clocked out 12/19/99 [BHS 0479 - BHS480] | |
| BBBB. | | | | 06/05/00 State of Florida Unemployment Appeals Commission acknowledgment of Mary Knowles correspondence [BHS 0011 - BHS 0022] | |
| CCCC. | | | | 06/06/00 Letter to Mary Knowles from Mimi Taylor re grievance [BHS 0534 - BHS 0535] | R |
| DDDD. | | | | 06/29/00 Letter to Cindy Oliver from Mary Knowles re grievance [BHS 0536 - BHS 0557] | R |
| EEEE. | | | | 07/03/00 Cindy Oliver's handwritten note re Mary Knowles request for third step in grievance process [BHS 0558] | R |
| FFFF. | | | | 07/28/00 Letter to Cindy Oliver from Mary Knowles re grievance [BHS 0560 - BHS 0562] | R |
| GGGG. | | | | 07/31/00 Baptist Health Systems of South Florida, Human Resources Policy, Wage and Hour Term and Definitions [BHS 0738 - BHS 0739] | |
| HHHH. | | | | Terremark Worldwide Inc. list of benefits for receptionist position, employment dates: 06/12/00 - 08/11/00 [TER 0001] | R, UP |
| IIII. | | | | 08/28/00 Baptist Health System of South Florida, Adjustment Board presentation of grievance [BHS 0563 - BHS 0564] | R |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | |
|---|---|---|---|---|---|
| JJJJ. | | | | 08/29/00 Letter to Mary Knowles from Carl Gustafson re Adjustment Board decision re grievance [BHS 0565 - BHS 0566] | R |
| KKKK. | | | | 09/07/00 Determination Notice of Unemployment Compensation Claim Filed completed by Terremark Group Inc. [TER 0020 - TER 0021] | |
| LLLL. | | | | 1997 - 2000 W-2 Wage and Tax statements [BHS 0813 - BHS 0816] | |
| MMMM. | | | | 04/02/01 Punch detail report [SWM 0917 - SWM 0924] | |
| NNNN. | | | | 04/10/01 Baptist Health System of South Florida, Human Resources Policy, Corrective Action [BHS 0758 - BHS 0762] | |
| OOOO. | | | | 04/10/01 Baptist Health System of South Florida, Human Resources Policy, Termination of Employment [BHS 0767 - BHS 0771] | |
| PPPP. | | | | Rush Messenger Service, Inc. Mary Knowles employment records for 05/02/01 - 07/18/01 [RMS 0001 - RMS 0009] | R |
| QQQQ. | | | | 11/21/01 Letter to Baptist Health System from Edward Piloto, Area Manager of Central Parking Corporation re access card 667 activity [BHS 0876] | A |
| RRRR. | | | | 11/27/01 Letter to Anita Ally from James Moseley, Manager,  Siemens Control Center re report on activity of badge #2471 issued to Estuardo Vaca [BHS 0877] | A, H |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | |
|---|---|---|---|---|---|
| SSSS. | | | | Punch report and key follow report for September 1999 [BHS 0212 - BHS 0216] | |
| TTTT. | | | | Exhibit Map showing distance to City Tire and Pizza Hut | I |
| UUUU. | | | | Demonstrative exhibits | |
| VVVV. | | | | Time line of events | A, H |
| WWWW. | | | | Charts showing Mary Knowles absences | |
| XXXX. | | | | Impeachment Exhibits | |
| YYYY. | | | | All Deposition Exhibits | |
| | | | **WITNESS LIST** | | |
| | | | | Mary Knowles<br>6462 S. W. 152 Cir. Pl.<br>Miami, Florida 33193 | |
| | | | | Robert Dinsmore<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | Anita Alley<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | Yolany Amador<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Debbie Anderson<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Jorge Arias<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Jim Balchun<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Frank Beltre<br>c/o Baptist Hospital of Miami, Inc.<br>8900 North Kendall Drive<br>Miami, Florida 33176 | |
| | | | | | Dennise Benjamin<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Alex Benincasa<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Cathy Caron<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Elite Sales, Inc.<br>Corporate Representative<br>7950 West Flagler Street, Suite S-105<br>Miami, Florida 33144 | |
| | | | | | Michael Fleming<br>c/o Baptist Heath Systems of South<br>Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Henry Ginsberg<br>Tire City Corporate Representative<br>13112 South Dixie Highway<br>Miami, Florida 33156 | |
| | | | | | Carl Gustafson<br>c/o Baptist Heath Systems of South<br>Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Laura Haggarty<br>c/o Baptist Heath Systems of South<br>Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Linda Hoffman<br>c/o Baptist Heath Systems of South<br>Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Marie Lydic<br>c/o Baptist Heath Systems of South<br>Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Maria Martinez<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Wayne Merein<br>13221 Southwest 38 Terrace<br>Miami, Florida 33175 | |
| | | | | | Clara Montes de Oca<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Cindy Oliver<br>UNISA<br>10814 Northwest 33rd Street, Suite 100<br>Miami, Florida 33172 | |
| | | | | | PostShell<br>Corporate Representative<br>address unknown | |
| | | | | | Cary Rego-Alvarez<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |
| | | | | | Rush Messenger Service, Inc.<br>Corporate Representative<br>801 N.E. 167th Street, Suite 301<br>North Miami Beach, Florida 33162 | |
| | | | | | Renato Santos<br>c/o Baptist Heath Systems of South Florida<br>6855 Red Road<br>Coral Gables, Florida 33143 | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Staffing Solutions by Personnel One Corporate Representative 8240 N.W. 52nd Terrace Miami, Florida 33166 | |
| | | | | | Mimi Taylor c/o Baptist Heath Systems of South Florida 6855 Red Road Coral Gables, Florida 33143 | |
| | | | | | Terremark Corporate Representative 7400 SW. 87th Ave. Miami, Florida 33173 | |
| | | | | | Estuardo Vaca c/o Baptist Heath Systems of South Florida 6855 Red Road Coral Gables, Florida 33143 | |
| | | | | | All witnesses identified by Plaintiff | |
| | | | | | Rebuttal and impeachment witnesses | |
| | | | | | | |

G:\W-LIT\34042\026\01-1776-CIV-Huck\Exhibit and witness list.wpd                    January 14, 2002 (2:43pm)

* Include a notation as to the location of any exhibit not held with the case file or not available because of size